BLD-197                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1287
_____

ROBERT CRENSHAW,
                                        Appellant

v.

ORLANDO L. HARPER; MICHAEL BARFIELD (Mental Health Director)
(Individual/official capacity)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-16-00286)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 20, 2017
Before:  AMBRO, GREENAWAY, Jr., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Crenshaw appeals, pro se and in forma pauperis, the District Court's final order granting Defendants' motion to dismiss and denying all relief sought. Because no substantial question is presented, we will affirm.

Crenshaw asserted claims against Orlando Harper and Michael Barfield, the Warden and Mental Health Director, respectively, of the Allegheny County Jail under 42 U.S.C. § 1983.[1] Crenshaw specifically alleged that he was diagnosed with depression and biopolar disorder and had been prescribed Wellbutrin and Trazodone while incarcerated in federal prison. He was later transferred to the Allegheny County Jail, where he informed prison staff of his condition and medications. Instead of administering the same medications, prison staff placed him on Zoloft and Abilify, and only later prescribed him Trazodone – albeit at half the strength he was previously taking. Crenshaw alleged this medical treatment led to worsening depression, anger, and sleep deprivation, which resulted in a physical altercation with another inmate and an unspecified injury. Crenshaw was transferred from ACJ in July 2016. He asserted claims against Defendants in their individual and official capacities for violating the Eighth Amendment's prohibition on cruel and unusual punishment.

Defendants moved to dismiss for failure to state a claim. The Magistrate Judge recommended the motion to dismiss be granted. After Crenshaw filed objections, the

---

[1] The present complaint is Crenshaw's third. His first complaint named additional Defendants, but was procedurally deficient. Crenshaw corrected those deficiencies in a second complaint, which he further amended.

District Court adopted the Report and Recommendation and granted the motion to dismiss. Crenshaw timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and review de novo the District Court's grant of a motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Dismissal is appropriate if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, we must accept all allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the nonmovant. Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). We review the denial of leave to amend for abuse of discretion. U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

To state an Eighth Amendment claim, a plaintiff must allege acts or omissions by prison officials that indicate deliberate indifference to a serious medical need. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Generally, deliberate indifference occurs when prison authorities deny reasonable requests for medical treatment, thus exposing the inmate "to undue suffering or the threat of tangible residual injury" or, knowing of the need for medical care, intentionally refuse to provide it. Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotations omitted). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [] neither participated in nor

3

approved"; personal involvement in the alleged wrong is required. Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Specifically, a non-medical prison official must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). A prisoner's disagreement with a prescribed treatment is not an actionable constitutional violation. Lanzaro, 834 F.2d at 346.

Crenshaw failed to state a claim against either Defendant. His claim against Warden Harper was based on a theory of respondeat superior. But this is insufficient to state a claim under § 1983. See Dodson, 454 U.S. at 325. Crenshaw did not allege that Warden Harper participated in or approved of any alleged wrongdoing. See Baraka, 481 F.3d at 210; Evancho, 423 F.3d at 353. Nor did he allege that Warden Harper either actually knew, or had reason to believe, that Crenshaw was being mistreated in any way by prison staff. See Spruill, 372 F.3d at 236. So the complaint fails to state a facially-plausible claim against Warden Harper. See Twombly, 550 U.S. at 570.

Crenshaw did allege that Defendant Barfield was directly involved with the treatment decisions by refusing to authorize Wellbutrin after Crenshaw filed a complaint.

4

See <u>Spruill</u>, 372 F.3d at 235; <u>see also</u> <u>Dodson</u>, 454 U.S. at 325.  But the factual basis of Crenshaw's complaint is that he was prescribed two different medications in lieu of his previous medications.  Crenshaw does not allege that Barfield intentionally denied him medical care, or that he denied reasonable requests for treatment.  At most, Crenshaw disagreed with the prescribed treatment at Allegheny County Jail, which is insufficient to state a constitutional claim.  <u>See</u> <u>Lanzaro</u>, 834 F.2d at 346. So the complaint fails to state a claim against either Defendant, and dismissal was proper.

The District Court was within its discretion to deny leave to amend.  <u>See</u> <u>Schumann</u>, 769 F.3d at 849.  Crenshaw's first complaint was deficient.  He filed a new complaint which corrected those deficiencies.  And he further amended that complaint.  Given the repeated attempts to amend, and the factual shortcomings of Crenshaw's final complaint, the District Court was within its discretion to deny leave to further amend.  <u>See</u> <u>id.</u>

For the foregoing reasons, we will summarily affirm the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.